Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

'02 JUL -5 PM 1:36

CLERK COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROBIN MARQUARDT, | ) CIVIL CASE NO. CV0389-07 |
| Plaintiff, | ) |
| | ) DECISION AND ORDER ON |
| vs. | ) DEFENDANT'S MOTION TO SET |
| | ) ASIDE JUDGMENT |
| PETER ALVAREZ | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the court on February 22, 2012, on Peter Alvarez's Motion to Set Aside Judgment. Attorney William L. Gavras represented Robin Marquardt, Plaintiff. Attorney Julie R. Rosete represented Peter Alvarez, Defendant. Following the hearing, the court took the matter under advisement. Having considered the parties' arguments and applicable law, this Court now issues its Decision and Order.

## PROCEDURAL AND FACTUAL BACKGROUND

The present motion addresses the issue of whether Defendant was provided sufficient notice of a trial date such that the entry of Judgment by this Court in favor of Plaintiff following a trial in Defendant's absence violated Defendant's right to due process.

Plaintiff filed a Complaint for assault and battery in March 2007. Plaintiff personally served Defendant with the Summons and Complaint. Defendant, acting *pro se*, filed an Answer on which he included his mailing address. On June 14, 2007 Attorney Gavras mailed, via certified mail return-receipt requested, the At Issue Memorandum and Notice of Scheduling Conference set for June 29, 2007, to the address provided by Defendant. After three unsuccessful delivery attempts by the USPS, the envelope was returned to Attorney Gavras. During the Scheduling Conference on June 29, 2007 this Court issued the scheduling order. Defendant did not appear at the scheduling conference. Attorney Gavras attempted to mail a copy of the signed scheduling order to Defendant. Again, after multiple delivery attempts USPS returned the mail to Gavras' office stamped "unclaimed." On October 25, 2007, the Court held a status hearing attended by Attorney Gavras; Defendant was not present. During the hearing this Court set dates for both the pretrial conference and trial. Thereafter, Attorney Gavras attempted to mail yet another letter to Defendant using the address provided by Defendant on his Answer. The letter included a notification of the pretrial conference and trial dates. Again, after several delivery attempts, the mail was returned, undelivered, to Attorney Gavras.

A bench trial was held on March 10, 2008. Defendant did not appear for trial. Plaintiff presented evidence and following the trial this Court issued a Judgment in favor of Plaintiff granting the relief requested in Plaintiff's complaint. An Order for Judgment Debtor Exam was personally served upon Defendant. Defendant has since appeared regularly at Judgment Debtor Exam hearings. Defendant maintains,

however, that he never received notice of the trial date and that he was therefore denied the opportunity to present a defense.

Defendant argues that the Judgment issued by this Court on March 24, 2008 is void and must be set aside under Rule 60(b)(4) because he was denied due process. Alternatively, Defendant seeks to set aside the Judgment under Rule 60(b)(6)'s catch-all provision which allows a court to relieve a defendant from judgment for "any other reason justifying relief from the operation of the judgment." The Guam Supreme Court has stated that relief under Rule 60(b)(6) is not proper if the circumstances implicate any of the other 60(b) provisions. Brown v. Eastman Kodak Co., 2000 Guam 30 ¶ 14. The following discussion begins with an analysis of whether the Judgment in this case is void under Rule 60(b)(4).

## DISCUSSION

### I. Void Judgment Under GRCP 60(b)(4)

Guam Rule of Civil Procedure 60(b)(4) provides relief from judgment when the judgment is void. "A trial court has 'no discretion to refuse vacating a judgment if it is void,'" Mariano v. Surla, 2010 Guam 2 ¶ 13) (quoting Pineda v. Pineda, 2005 Guam 10 ¶ 10), and the general "reasonable time" requirement for moving for relief under Rule 60(b) does not apply where a judgment is deemed void. Mariano v. Surla, 2010 Guam 2 ¶ 12. "A judgment is void within the meaning of Rule 60(b)(4) where it is entered by the court . . . in contravention of due process. . . ." Fed. Election Comm'n v. Al Salvi for Senate Comm., 205 F.3d 1015, 1019 (7th Cir. 2000) (citing Wesco Products Co. v. Alloy Automotive Co., 880 F.2d 981, 984 (7th Cir. 1989)). For any proceeding that will

be accorded finality, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); see also Pangelinan v. Gutierrez, 2004 Guam 16 ¶ 7 (quoting Mullane). Thus, due process unquestionably requires that parties receive adequate notice of trial dates before a valid judgment may be entered. Grun v. Pneumo Abex Corp., 163 F.3d 411, 424 (7th Cir. 1998)

Courts have recognized that where notice of a hearing is properly mailed to a Defendant, such mailing constitutes due process. See Smith v. Smith, 908 S.W.2d 170, 172 (Mo. Ct. App. 1995); Am. Econ. Ins. Co. v. Powell, 134 S.W.3d 743 (Mo. Ct. App. 2004); c.f. Cincinnati Ins. Co. v. Emge, 124 Ohio App. 3d 61, 63, 705 N.E.2d 408, 410 (1997) ("Where the plaintiff follows the civil rules, courts presume that service is proper"). Am. Econ. Ins. Co. v. Powell, 134 S.W.3d 743, 747 (Mo. Ct. App. 2004) involved facts similar to those in the present case. In Powell, the plaintiff mailed numerous notices of hearing and trial settings to the defendant's last known address, but after each mailing the envelopes were returned unclaimed. A trial was held in the absence of the defendant and the trial court entered final judgment in favor of the plaintiff. The defendant moved to set aside the judgment claiming that he never received notice of the trial date, which he argued constituted a due process violation. The trial court denied the motion. The Missouri Court of Appeals affirmed, holding that "there is no question that mailing is a proper means of notifying a pro se litigant of scheduled hearings." Id. at 746. In so holding, the Court noted that "a party cannot refuse notice that was

-4-

properly served by mail in accordance with court rules and then assert a due process violation because he did not receive actual notice of the court proceeding." Id. at 747.

Like the defendant in Powell, Defendant in the case at hand received adequate notice in accordance with the rules of service. Rule 5 of the Guam Rules of Civil Procedure allows for mailing of "written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper . . ." GRCP 5(a), by "[m]ailing a copy to the last known address of the person served." GRCP 5(b)(2)(B). Plaintiff mailed to Defendant papers that included notice of th  pretrial conference and trial dates. These mailings met the service and notice requirements under Guam law.

Notably, Defendant does not argue that the service of notice provided by Plaintiff was somehow not in accordance with Guam law: Rather, Defendant argues that due process requires something more than proper service by mail—that is, Defendant asserts that he is entitled to personal service and actual notice of the hearing date. Defendant, however, fails to cite any law directly supporting these contentions. The only case cited by Defendant is Grun v. Pneumo Abex Corp., 163 F.3d 411 (7th Cir. 1998), which merely supports the undisputed principal that due process requires notice reasonably calculated to apprise a party of any hearing that will be accorded finality. Grun involved a case in which the district court dismissed the plaintiff's action after neither party appeared on the day of trial. The court, however, had inadvertently failed to provide notice to either party of the trial date, which the Court had scheduled in the parties' absence. Id. at 422. The Seventh Circuit reversed the district court's judgment of dismissal, holding that the lack of notice violated the plaintiff's right to due process. Id. at 424.

The facts in the present case are easily distinguishable from those in Grun. While Grun involved a complete failure to provide any notice whatsoever of the scheduled trial, Plaintiff here made overt attempts to inform Defendant of important hearings, including trial. Plaintiff sent the notices in accordance with Guam's rules. And by following Guam's service rules, Plaintiff ensured that the mailed notice was reasonably calculated to apprise Defendant of the trial date. It is clear that Defendant, having answered Plaintiff's Complaint, was acutely aware that an action was proceeding against him in the courts of Guam and Defendant had ample opportunity to claim the mail sent by Plaintiff's attorney in relation to this case. Although Defendant offers a justification for his delay in filing his motion to set aside judgment, Defendant fails to offer any explanation or justification as to why the properly addressed notices sent to him by Plaintiff to the address he provided went unclaimed. Based on the law and the circumstances of this case this Court finds that Defendant was not entitled to personal service or actual notice of the date of trial. The mailed notice of the pretrial conference and trial dates satisfied constitutional due process.

II. Relief Under Rule 60(b)(6)

Rule 60(b)(6) allows a court to set aside judgment for "any other reason justifying relief from the operation of judgment." As the Justice Black stated in Klapprott v. United States, 335 U.S. 601, 93 L Ed 266, 69 S Ct 384 (1949), "the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Here, Defendant argues that serious injustice would result if Plaintiff were allowed to benefit from his failure

-6-

to provide actual notice to Defendant despite the facts that Defendant answered the Complaint and that Plaintiff knew of Defendant's place of employment and could, therefore, have personally served Defendant at work. This argument essentially raises the same due process issues already discussed herein. As mentioned above, under the case law and Guam's rules, a defendant is generally not entitled to receive personal service of notice aside from the pleadings in a civil action. Plaintiff provided notice that was reasonably calculated to apprise Defendant of the proceedings. Again, Defendant offers no justification—let alone a compelling justification—for his failure to collect the numerous papers mailed to the address he provided on his Answer. Indeed, it seems to this Court that injustice would result from allowing a defendant to engage in what appears, on its face, to be willful avoidance of an active lawsuit. Contrary to Defendant's assertions, under the circumstances here justice is best served by allowing the judgment to stand.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Set Aside Judgment is DENIED.

**SO ORDERED** this 5th day of July, 2012.

JUL 0 5 2012

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUL 5 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

-7-